IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NADINE A. LIMBERRY, )
)
Plaintiff, )
)
v. ) Civ. No. 09-1001-SLR
)
SEARS AND ROEBUCK and )
DELAWARE STATE POLICE, )
)
Defendants. )

**MEMORANDUM ORDER**

At Wilmington this 28th day of April, 2010, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background**. Nadine A. Limberry ("plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983 and § 1985. She appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by

mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff alleges that on December 24, 2007, Delaware State Police Officers assaulted and restrained her in a Sears store without just cause. She alleges personal injury due to trauma from the assault. It was later determined in State Court that plaintiff was not "in violation of any criminal acts." Plaintiff alleges the actions occurred by reason of her race in violation of 42 U.S.C. § 1983 and § 1985. (D.I. 2)

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

7. **Statute of Limitations**. The complaint was filed on December 29, 2009. There is a two year statute of limitations period for § 1983 claims as well as for § 1985 claims. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996); *see also Wilson v. Garcia*, 471 U.S. 261, 266-267 (1985); *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). Accrual of § 1983 and 1985 claims is governed by federal law. *Long v. Board of Educ. of Philadelphia*, 812 F. Supp. 525, 530 (E.D. Pa. 1993). A cause of action accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action. *See Sameric Corp. of Delaware, Inc., v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

8. The Third Circuit Court of Appeals has concluded that the statute of limitations expires on the anniversary date of the event in issue, not the day following. *Monkelis v. Mobay Chem.*, 827 F.2d 937, 938 (3d Cir. 1987). In determining the final date of the limitations period, the method of calculation used is that found in Fed. R. Civ. P. 6, at least in non-diversity cases. *Id.*; Fed. R. Civ. P. 6. Rule 6(a) provides that, in calculating time, when the period is stated in days or a longer unit of time to exclude the day of the event that triggers the period; count every day, including intermediate Saturdays, Sundays, and legal holidays; and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1). It further provides that if the clerk's office is inaccessible on the last day for filing under Rule

6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday. *Id.* at (a)(3). The last day ends for electronic filing, at midnight in the court's time zone; and for filing by other means, when the clerk's office is scheduled to close. *Id.* at (a)(4).

9. The complaint alleges that the unlawful acts took place on December 24, 2007. Therefore, plaintiff knew or had reason to know that any injury suffered as a result of the alleged wrongful acts occurred on December 24, 2007, and her claims accrued on that date. Pursuant to Rule 6(a)(1)(A), the two-year period began to run on December 25, 2007. Under the provisions of Rule 6, plaintiff had until midnight December 24, 2009, the anniversary of date of the event, to file her complaint. However, the clerk's office was closed from Thursday, December 24, 2009 through Sunday, December 27, 2009, due to a holiday and the weekend. Therefore, as set forth in Rule 6, the time for filing was extended until the first accessible day, Monday, December 28, 2009. The complaint was not filed until the next day, Tuesday, December 29, 2009.

10. The general rule is that filing requirements are "not satisfied by the mere mailing of the necessary papers within the allotted time." *Hunt v. Chase*, Civ. No. 09-531, 2010 WL 235118, at *3 (W.D. Pa. Jan. 15, 2010) (citing *Lee v. Dallas County Bd. of Educ.*, 578 F.2d 1177, 1178 n.1 (5th Cir.1978)); *Wiss v. Weinberger*, 415 F. Supp. 293, 294 n.3 (E.D. Pa. 1976)); *see also Manganiello v. Secretary of HHS*, No. 83 Civ. 0426, 1983 WL 44218, at *1 (S.D.N.Y. Sept.19, 1983). An exception occurs where the court receives papers in a timely fashion, but does not stamp them until a later date. *Id.* (citing

*Manganiello*,1983 WL 44218, at *1; *Freeman v. Giacomo Costa Fu Andrea*, 282 F. Supp. 525 (E.D. Pa.1968); *Hetman v. Fruit Growers Express Co.*, 200 F.Supp. 234 (D.N.J. 1961); *Johnson v. Esso Standard Oil Co.*, 181 F.Supp. 431 (D.C. Pa. 1960)).

11. Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a claim on that basis if the defense is evident from the face of the complaint. *Speight v. Sims*, 283 F. App'x 880, 881 (3d Cir. 2008) (not published) citing *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) ( sua sponte dismissal inappropriate "unless the basis is apparent from the face of the complaint."). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, 260 F. App'x 454 (3d Cir. 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006) (not published) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

12. The envelope in which plaintiff mailed the complaint is post-marked December 28, 2009, and it was received by the clerk's office the next day, on December 29, 2009 at 11:50 A.M. (*See* D.I. 2, Civil Cover Sheet file stamp and notation "Rec'd by mail") The complaint was filed on December 29, 2009, the day it was received, and one day after the expiration of the limitation period. By mailing the complaint on the last possible day for filing, plaintiff took a risk that it would not arrive prior to the expiration of

the limitation period.[2] Inasmuch as the complaint was filed one day after the expiration the limitation period, it is time-barred. It is evident from the face of the complaint that plaintiff's claims are barred by the two-year limitation period. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

13. **Conclusion**. For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).[3] Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

UNITED STATES DISTRICT JUDGE

---

[2]This is not a prisoner case and therefore, the exceptions to timing requirements as set forth in the "prison mailbox rule" are inapplicable. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

[3]The court notes that defendant Delaware State Police is immune from suit by reason of the Eleventh Amendment of the U.S. Constitution. *Yarnall v. Mendez*, 509 F. Supp. 2d 421, 429 (D. Del. 2007). Also, defendant Sears and Roebuck is not a state actor, does not act under color of law and, therefore, plaintiff cannot recover on her § 1983 claims against it. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Were it not for the fact that the claims are time-barred, plaintiff would have been given leave to amend.